830 F.2d 1037
 45 Fair Empl.Prac.Cas. 97, 44 Empl. Prac.
Dec. P 37,555
Fortunato C. RIVERA, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
Fortunato C. RIVERA, Plaintiff-Appellant,
v.
William F. BOLGER, Postmaster General, United States Postal
Service, Defendants-Appellees.
 Nos. 86-6589, 86-6607.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 12, 1987.*
Decided Oct. 20, 1987.
 
 Fortunato C. Rivera, pro se.
 James A. Friedman, Geoffrey A. Drucker, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, PREGERSON and NOONAN, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 Fortunato C. Rivera appeals from two district court judgments against him in two separate Title VII and age discrimination cases against the United States Postal Service. We consolidate the cases and affirm the district court.
 
 FACTS
 
 2
 Fortunato C. Rivera is a United States citizen of Filipino ancestry, now 63-years-old. He is the holder of B.S. and M.A. degrees in education and is also a Bachelor of Arts. He has been a part-time college instructor, a government supervisor of private schools, an office supervisor, and a senior clerk. He has three certificates in Postal Management and Customer Service, and was a candidate in the Profile Assessment System for Supervisor. On three separate occasions, in 1978, 1979, and 1980, he applied to the Postal Service for promotion to Equal Employment Opportunity Investigator. Each time other applicants were selected in his place.
 
 
 3
 Rivera did not file an administrative complaint as to his non-selection in 1978. He did file such a complaint as to his 1979 rejection and after the Postal Service ruled against him, he timely appealed on August 30, 1982 to the Equal Employment Opportunity Commission (EEOC). On October 10, 1982, he wrote the EEOC requesting "cancellation" of his notice of appeal. He then filed suit with the district court. The EEOC, by decision of April 21, 1983, upheld the Postal Service. Rivera did not think it necessary within 30 days to file a new appeal to the district court and relied on his earlier filing. Rivera also made an administrative complaint as to the 1980 rejection and after the complaint was rejected by the Postal Service he timely brought suit in the district court; he also sued the Postal Service for discrimination in failing to promote him in 1978, and in 1979.
 
 
 4
 In addition, Rivera applied in 1980 for promotion to a supervisory position in the Postal Service and was rejected from the training program. He filed an administrative complaint which was rejected and from this rejection he timely filed suit in the district court.
 
 ANALYSIS
 
 5
 Unfortunately Rivera's 1978 claim is barred by an inexorable rule: failure to exhaust his administrative remedies. 42 U.S.C. Sec. 2000e-16(c). His twin claims for 1980 were tried on the merits to the district court. To overturn the district court, Rivera must show that the court was clearly erroneous in its findings of fact. This showing he has failed to make.
 
 
 6
 The meat of Rivera's appeal consists of an issue relating to his 1979 case not yet decided by this circuit. He had appealed to the EEOC from the Postal Service's decision. Within two months he had withdrawn this appeal by "cancellation." Did the withdrawal open the way to the district court, a path he might have followed initially if he had not first chosen the EEOC route, or was he bound, per 42 U.S.C. Sec. 2000e-16(c), for 180 days to stay with the EEOC?
 
 
 7
 The answer to this question is not entirely obvious. Again the path of the law laid out by other circuits is contrary to Rivera's position. The view has been taken that once a party appeals to a statutory agency, board or commission, the appeal must be "exhausted." To withdraw is to abandon one's claim, to fail to exhaust one's remedies. Impatience with the agency does not justify immediate resort to the courts. See Castro v. United States, 775 F.2d 399, 403-04 (1st Cir.1985); Purtill v. Harris, 658 F.2d 134, 138 (3rd Cir.1981); Jordan v. United States, 522 F.2d 1128, 1132 (8th Cir.1975). We think this rule is sound. It means in the 1979 case that Rivera was not free to file in the district court until the EEOC ruled on April 21, 1983. He then failed to meet the statutory deadline.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)