**Venkareddy CHENNAREDDY, General Class Complainant Representing Himself and All Others Similarly Situated, et al., Appellants,**

v.

**Charles BOWSHER Comptroller General of the United States. (Two Cases)**

**Nos. 89–5408, 89–5409.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 5, 1991.

Decided June 11, 1991.

316

Walter T. Charlton, Washington, D.C., for appellants.

William J. Dempster, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before WALD, BUCKLEY, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Venkareddy Chennareddy ("Chennareddy" or "appellant") appeals orders of the District Court dismissing his age discrimination claim brought under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (1988) ("ADEA" or the "Act"), against the United States General Accounting Office ("GAO") for failure to exhaust administrative remedies, *see Chennareddy v. Bowsher*, Civil Action Nos. 87–3538 and 88–0577, 1989 WL 90549 (D.D.C. Mar. 31, 1989), and denying Chennareddy's motion to alter or amend the judgment. The GAO regulations in effect at the time Chennareddy filed suit in the District Court did not require exhaustion of administrative remedies; therefore, we reverse and remand the case for consideration in accordance with this opinion.

## I. BACKGROUND

Venkareddy Chennareddy, an employee of GAO, alleges age discrimination in employment in violation of the ADEA, 29 U.S.C. § 621. On September 17, 1986, pri-

or to filing suit in the District Court, Chennareddy and another GAO employee, Roger Carroll, filed individual and class administrative complaints of age discrimination with the GAO Civil Rights Office. Chennareddy and Carroll consolidated the two complaints and presented them to a hearing examiner who, on November 26, 1986, recommended that the Comptroller General of the United States ("Comptroller General") certify the class. Pursuant to the United States General Accounting Office Operations Manual, Order 2713.2, *Discrimination Complaint Processing in the United States General Accounting Office* (effective Aug. 12, 1981) ("GAO Order 2713.2"), the Comptroller General reviewed Chennareddy's complaint to determine whether to consider the complaint as a class action or as an individual complaint. The Comptroller General concluded that the putative class failed to meet the requirements for certification and therefore denied class certification on December 8, 1986.

Chennareddy and Carroll appealed the decision to GAO's Personnel Appeals Board ("PAB" or "Board") on December 18, 1986. Chennareddy instituted his appeal in accordance with the PAB's regulations authorizing an interlocutory appeal on the question of class certification. *See* GAO Order 2713.2; 4 C.F.R. § 28.45(b)(1) (1988).

On November 23, 1987, the PAB, sitting *en banc*, denied Chennareddy's motion for class certification and dismissed the petition because his allegations did not meet the class action requirements of commonality, typicality, and adequacy of representation as required by Fed.R.Civ.P. 23 and GAO regulations governing class actions.

On November 25, 1987, GAO notified Chennareddy that its Civil Rights Office would continue administrative processing of his individual age discrimination claim. Chennareddy's counsel, by letter dated December 2, 1987, to the Director of the Civil Rights Office, notified GAO that Chennareddy and Carroll would not pursue their

discrimination complaints administratively. Chennareddy, therefore, requested that GAO dismiss his complaint and issue a final determination.

GAO cancelled the complaint pursuant to GAO Order 2713.2 and notified Chennareddy by letter dated December 10, 1987, of its action. GAO terminated the administrative processing of Chennareddy's complaint before rendering a decision on the merits. On December 14, 1987, Chennareddy's counsel sent a letter of "Notice of Intent to Sue" to GAO's Civil Rights Office and the PAB, stating that Chennareddy intended to seek a trial *de novo* in district court.

On December 30, 1987, Chennareddy filed the first of three successive age discrimination complaints in the District Court within thirty days of GAO's denial of class certification. *Chennareddy v. Bowsher*, Civil Action No. 87–3538 ("*Case 87–3538* "). The complaint also named Sandra Thiabault, Roger Carroll, Hector Rojas, and "an unnamed GS–15 Employee of the United States General Accounting Office Representing Himself and All Other GS–15's [sic] Similarly Situated" as "Sub–Class Complainants." *Id.* GAO moved to dismiss the action, arguing that Chennareddy and his co-plaintiffs failed to exhaust the administrative remedies they had chosen to pursue. GAO also argued that the other named co-plaintiffs, Thiabault and Rojas, entirely failed to utilize the administrative process and failed to give the agency thirty days' notice of their intent to sue as required by the ADEA and GAO regulations.[1] 29 U.S.C. § 633a(d); GAO Order 2713.2. With respect to the "unnamed" plaintiff, GAO moved to compel disclosure of the plaintiff's identity pursuant to Fed.R.Civ.P. 10(a) and Local Rule 106(d). The District Court struck the unnamed plaintiff from the complaint because appellant failed to comply with the Federal Rules and Local Rules of the District Court. *See Chennareddy v. Bowsher*, Civil Action Nos. 87–3538 and 88–8577 (D.D.C. Mar. 31, 1989) ("*Memorandum Opinion* ") at 4–5 n. 1.

---

1. We do not consider the complaints of the other co-plaintiffs here as they have not sought to become parties to this action.

Chennareddy filed a second class action in the District Court on March 3, 1988, and moved to consolidate the two age discrimination cases. *Chennareddy v. Bowsher,* Civil Action No. 88–0577 (*"Case 88–0577"*). The complaint named Chennareddy and Carroll as "General Class Complainants," and Sandra Thiabault, Jagdish C. Narang, Hector Rojas, and "an unnamed GS–15 Employee" as "sub class complainants." *Id.* After the court consolidated the cases, GAO again moved to dismiss the action on the same grounds advanced in *Case 87–3538.* GAO also argued that various subclass complainants in the suit, who had not sought administrative relief, failed to provide notice of intent to sue.

On October 19, 1988, Chennareddy and two other plaintiffs filed a third suit on the same age discrimination allegations enumerated in *Case 87–3538* and *Case 88–0577. Ramey v. Bowsher,* Civil Action No. 88–3037 (*"Case 88–3037"*). This case is pending in the District Court.

On March 29, 1989, the District Court dismissed *Case 87–3538* and *Case 88–0577,* and held that a federal employee who files an administrative action under the ADEA must exhaust administrative remedies prior to filing suit in district court. *Memorandum Opinion* at 8. In reaching its conclusion, the District Court relied upon the holding in *Purtill v. Harris,* 658 F.2d 134, 137 (3d Cir.1981) (employee who elects first to pursue an administrative remedy must exhaust administrative remedies before filing suit in district court), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983). The District Court also held that the subclass complainants failed to provide proper notice of their intent to sue. Accordingly, the District Court dismissed the actions on March 30, 1989.

Chennareddy filed a motion to alter or amend the judgment pursuant to Fed.R.

Civ.P. 59. The District Court denied the motion on September 15, 1989, on the ground that the motion raised no new issues or points of law. Chennareddy then filed this appeal.[2]

## II. DISCUSSION

 The question presented in this case is whether the District Court erred in dismissing Chennareddy's consolidated age discrimination action on the ground that he failed to exhaust completely the administrative remedies he chose to pursue and voluntarily abandoned his administrative action before GAO rendered a decision on the merits.

 It is undisputed that the ADEA provides the exclusive remedy for a federal employee who claims age discrimination. *See Zombro v. Baltimore City Police Dep't,* 868 F.2d 1364, 1369 (4th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989). The ADEA, 29 U.S.C. § 633a(a), prohibits age discrimination in federal employment. An ADEA plaintiff has two means of pursuing his age discrimination claim. First, he may by-pass the administrative procedure altogether, and by giving thirty days' notice of intent to sue to the agency, he may proceed directly to federal court. 29 U.S.C. § 633a(d). Alternatively, the ADEA plaintiff may choose to proceed administratively by filing a complaint with the Office of Special Counsel of the EEOC. 29 U.S.C. § 633a(b). The Equal Employment Opportunity Commission ("EEOC"), the executive branch agency Congress authorized to enforce the Act, recently amended its regulations to provide that "[t]he filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminate[d] [administrative] processing of that complaint." 29 C.F.R. § 1613.513 (1988). Unlike Title VII, the ADEA does not contain a provision

---

**2.** Although the Court of Appeals docketing statements in Case Nos. 89–5408 and 89–5409 identify Chennareddy, Roger Carroll, and all others similarly situated as appellants, only Chennareddy's name appears on the respective notices of appeal in this consolidated case. Because neither Roger Carroll nor any other party was identified in the notices of appeal, this Court

possesses jurisdiction to consider only Chennareddy's appeal. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988); *Appeal of District of Columbia Nurses' Ass'n,* 854 F.2d 1448, 1450 (D.C.Cir. 1988) (per curiam), *cert. denied,* 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989).

explicitly allowing an administrative complainant to file a civil action 180 days after the filing of an administrative action. *See* 42 U.S.C. § 2000e–5(f). Although it is unclear whether the ADEA requires exhaustion of administrative remedies in the executive branch, once initiated, or whether a civil action may be filed prior to a disposition on the merits of the administrative complaint (*see infra*), GAO regulations governing ADEA claims brought against the agency clearly provide that administrative exhaustion is not required.

GAO is a legislative branch agency for which the United States Congress has created a personnel system separate from the system of the executive branch. 31 U.S.C. § 731 *et seq.* GAO employees, however, have the same rights and remedies under laws prohibiting discrimination in employment in the federal government as do employees of the executive branch. 31 U.S.C. § 732(f)(2). Congress directed that the PAB have the same authority over equal employment opportunity and discrimination matters at GAO as its counterpart agencies, *e.g.*, the EEOC, the Merit Systems Protection Board ("MSPB"), and the Federal Labor Relations Authority ("FLRA"), have over such matters in the executive branch. 31 U.S.C. § 732(f)(2)(A). *See also GAO v. GAO Personnel Appeals Bd.*, 698 F.2d 516, 521–23 (D.C.Cir.1983) (PAB is independent agency authorized by the GAO Personnel Act, 31 U.S.C. § 735, to perform personnel appeal functions for the GAO previously performed by EEOC and MSPB). The PAB's function in the administration and processing of discrimination complaints, therefore, is analogous to the function performed by the EEOC in the executive branch. *Id.* Commensurate with this function, the PAB has promulgated regulations which establish procedures governing discrimination actions against GAO. These regulations are codified at 4 C.F.R. Parts 27 and 28.

Chennareddy argues that he filed suit in *Case 87–3538* "within a 30 day period" after the PAB's final ruling on the class certification issue in accordance with the requirements of GAO Order 2713.2 ("[a] complainant is authorized to file a civil action in the appropriate U.S. Court ... (3) Within 30 calendar days after receipt of notice of final action taken by the Board"). Alternatively, Chennareddy argues that he properly filed suit in the District Court in *Case 88–0577* after giving GAO the required thirty-day notice of his intent to sue in the District Court. Chennareddy explains that he filed the two actions in District Court to avoid a "catch-22" situation created by the unclear language in GAO Order 2713.2 requiring a party to file "within" thirty days. Chennareddy also relies upon GAO Regulation 4 C.F.R. § 28.51(c), which provides in pertinent part:

> (c) An employee or applicant alleging discrimination based upon ... age discrimination (29 U.S.C. 631, 633a—Age Discrimination in Employment Act) ... need not exhaust administrative appeals to GAO or to the Board before filing suit in the Federal District Court.

4 C.F.R. § 28.51(c) [51 Fed.Reg. 7740, Mar. 6, 1986].

■ GAO insists that Chennareddy waived his right to claim support in 4 C.F.R. § 28.51(c) because he did not raise this issue in the District Court. We disagree. Chennareddy filed his action in District Court pursuant to GAO Order 2713.2, which provides:

> Persons alleging discrimination based upon the following reasons need not exhaust administrative remedies to GAO or to the Board before filing suit in U.S. District Court:
>
> * * * * * *
>
> (b) Age (29 USC 631, 633a—Age Discrimination in Employment Act).

GAO Order 2713.2 ¶ 11. GAO Regulation 4 C.F.R. § 28.51(c) merely restates and clarifies GAO Order 2713.2. Thus, Chennareddy preserved his objection before the District Court, although not in the clearest or most obvious manner, by arguing that GAO acted contrary to its own regulations in contending that he had to exhaust completely his administrative remedies before proceeding in the District Court. *Cf. Consolidated Freightways v. NLRB*, 669 F.2d 790, 794 (D.C.Cir.1981) (critical inquiry is

whether objections made below were adequate to put Board on notice that issue might be pursued on appeal).

■ We are troubled by GAO's failure to bring 4 C.F.R. § 28.51(c) to the District Court's attention. An agency of the United States, like an attorney practicing before the court, has an affirmative duty to inform the court of controlling precedents, including the agency's own rules and regulations. We hope GAO's failure to apprise the District Court of its regulations governing ADEA claims in the present case was an oversight and not an attempt to either gain a strategic advantage over Chennareddy on appeal by arguing waiver, or to mislead the District Court. Nonetheless, we find GAO's failure to cite its own regulations before the District Court another reason to reject GAO's waiver argument.

■ Next, GAO contends that the PAB deleted 4 C.F.R. § 28.51(c) from subsequent PAB rules and replaced the regulation with a new provision codified at 4 C.F.R. § 28.100.[3] GAO insists that "the regulations cited were not in force during the time appellant filed his charges of age discrimination with GAO or with the PAB, or when he filed his two actions with the District Court." *See* GAO Brief at 19. Even though it is true that 4 C.F.R. § 28.100 replaced 4 C.F.R. § 28.51(c), GAO ignores the fact that during the pendency of Chennareddy's claim in the District Court, GAO Order 2713.2 and Regulation 4 C.F.R. § 28.51(c) applied. Consequently, we find that under GAO Order 2713.2 and 4 C.F.R. § 28.51(c) Chennareddy "need not exhaust administrative appeals to GAO or

to the Board before filing suit in the Federal District Court." 4 C.F.R. § 28.51(c). Furthermore, even though 4 C.F.R. § 28.100 superceded 4 C.F.R. § 28.51(c), GAO Order 2713.2, on which Chennareddy principally relies, remains in effect.

Under GAO Order 2713.2 (regulations governing class actions), Chennareddy, upon receiving the GAO's decision to reject his class action, was free "to file a civil action in an appropriate U.S. District Court." GAO Order 2713.2 ch. 4, ¶ 3-N. Thus, according to GAO's own regulations, Chennareddy properly filed his action in the District Court after GAO rejected his class action complaint. Accordingly, GAO must apply its own regulations authorizing him to proceed in the District Court after giving the required notice of intent to sue.

■ Our decision is based upon 4 C.F.R. § 28.51(c) and GAO Order 2713.2, the applicable GAO regulations at the time Chennareddy's claims were pending in the District Court. We will not apply 4 C.F.R. § 28.100 retrospectively and will therefore not consider its application here. Although we generally apply a new regulation retrospectively on appeal as long as such application does not result in a manifest injustice, *see Thorpe v. Housing Auth. of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969); *Clark–Cowlitz Joint Operating Agency v. FERC*, 826 F.2d 1074, 1081 (D.C.Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1088, 99 L.Ed.2d 247 (1988), here we find no reason to apply 4 C.F.R. § 28.100 retrospectively as GAO has waived any argument it could have made for such application by assert-

---

**3.** The GAO regulation governing age discrimination claims, 4 C.F.R. § 28.100, provides:

(c) Age. An employee or applicant alleging discrimination based upon age (29 U.S.C. 631, 633a, Age Discrimination in Employment Act) may forego administrative action altogether and file a civil action in U.S. District Court after giving GAO 30 days Notice of Intent to File such action. The Notice shall be filed within 180 days after the alleged unlawful practice occurred. When such notice is provided and no administrative complaint is filed, a civil action may be filed in the appropriate U.S. District Court within two years or, if the violation is willful, three years of the date of the alleged ADEA violation. An em-

ployee or applicant for employment, who has filed an administrative complaint alleging age discrimination, may file suit in Federal District Court—

(1) After 180 days from filing a complaint with GAO if there is no final decision on that complaint or within 30 days of receipt of notice of final action taken by the GAO, or

(2) After 180 days from filing a charge with the General Counsel if there is no final decision by the Board on that discrimination appeal or within 30 days of receipt of notice of final action by the Board.

4 C.F.R. § 28.100 (effective June 6, 1989) [54 Fed.Reg. 24,131 at 24,135 (1989)].

ing that Chennareddy cannot rely on the current rule. *See* GAO Brief at 17 n. 8, 19–20.

■ Next, despite the explicit language of GAO Order 2713.2 and 4 C.F.R. § 28.51(c) indicating that a GAO complainant need not exhaust agency remedies before filing in district court, GAO avers that Chennareddy failed to exhaust completely the agency remedies he had elected to pursue before seeking relief in federal court. GAO relies on extensive caselaw to support its argument, including the decisions of at least eight courts of appeals which have concluded that an ADEA complainant must completely exhaust the administrative process before bringing the claim to federal court. *See, e.g., Wrenn v. Secretary, Dep't of Veterans Affairs,* 918 F.2d 1073, 1078 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991); *Tolbert v. United States,* 916 F.2d 245, 249 (5th Cir.1990); *McGinty v. United States Dep't of Army,* 900 F.2d 1114, 1117 (7th Cir.1990); *Rivera v. United States Postal Service,* 830 F.2d 1037, 1039 (9th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *McIntosh v. Weinberger,* 810 F.2d 1411, 1425 (8th Cir.1987); *Castro v. United States,* 775 F.2d 399, 404 (1st Cir.1985); *Ray v. Nimmo,* 704 F.2d 1480, 1484 & n. 12 (11th Cir.1983); *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981). Only one court of appeals has held to the contrary. *Langford v. United States Army Corps of Engineers,* 839 F.2d 1192, 1194–95 (6th Cir.1988) (employee need not completely exhaust administrative procedures before filing suit in federal court). *See also Stevens v. Dep't of the Treasury,* —— U.S. ——, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (government conceded that administrative exhaustion not required under the ADEA).

GAO's argument that exhaustion is required under the ADEA is weakened considerably, however, in view of the Supreme Court's recent decision in *Stevens, supra.* In *Stevens,* the government argued in the district court and before the court of appeals that the ADEA required a federal complainant to exhaust all administrative

remedies once the claimant filed an EEOC complaint. The government, however, reversed its position before the Supreme Court and admitted that agency exhaustion is not required. Thus, the Supreme Court concluded that "the rulings in *McGinty, Castro,* and *Purtill,* and any other ruling to the same effect will remain outstanding and in conflict with *Langford* " until challenged by a proper litigant. *Stevens,* 111 S.Ct. at 1568. "If this does not come about, then, because of the Government's change-of-mind and new position, any legal significance of the conflict may simply fade away with the passage of time." *Id.* at 1569. Although the Court did not decide whether exhaustion is required under the ADEA, the simple fact that the government changed its position in *Stevens* suggests that GAO's argument here is inconsistent with the government's new position. Moreover, the government's "change-of-mind" in *Stevens* suggests that the decisions upon which GAO premised its exhaustion argument may have lost persuasive force. *Id.* at 1569.

Additionally, GAO attempts to focus the Court's attention on EEOC regulations in an effort to convince the Court that 29 C.F.R. §§ 1613.501–1613.521 (1988) apply to ADEA claims in the GAO. In this context, EEOC regulations do not apply to GAO because GAO is not a part of the executive branch. Moreover, because of this fact, the PAB replaced the EEOC in every respect in regards to GAO personnel actions. We stated in *GAO v. GAO Personnel Appeals Bd.,* "[a]t the core of the GAO personnel system is a single agency—the PAB—which carries out the combined responsibilities of the MSPB, the Special Counsel, the FLRA, and the EEOC." 698 F.2d at 523. GAO's reliance upon the EEOC scheme in this case, therefore, is unavailing in light of the explicit language of GAO's own regulations.

We need not consider the general administrative exhaustion question under the ADEA addressed by the other circuits and raised by GAO in the present case. All of these cases deal with EEOC regulations governing ADEA claims. *See, e.g.,* 29 C.F.R. § 1613.513 (1987). They do not ad-

dress the unique feature involved in Chennareddy's claim, which is that GAO and the PAB regulations establish a different regime with which the ADEA plaintiff must comply. *See* GAO Order 2713.2; 4 C.F.R. § 28.51(c). Consequently, we need address only the specific question of whether under GAO and PAB regulations a federal employee must completely exhaust administrative remedies once he has invoked the administrative procedures to redress an age discrimination claim. We conclude that under GAO regulations governing ADEA claims at the time Chennareddy brought his claim in the District Court, a GAO complainant need not exhaust agency remedies before suing in the District Court. Furthermore, GAO cannot seek refuge in regulations promulgated by the EEOC or other executive branch agencies. Rather, GAO is bound by its own regulations governing civil action discrimination complaints. *Black v. Romano*, 471 U.S. 606, 621–22 & n. 18, 105 S.Ct. 2254, 2262–63 & n. 18, 85 L.Ed.2d 636 (1985) (government "cannot change the rules in the middle of the game"); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954) (government bound by its own regulations); *Esch v. Yeutter*, 876 F.2d 976, 991 & n. 163 (D.C.Cir.1989) ("agency is legally bound to respect its own regulations, and commits procedural error if it fails to abide [by] them"). Here, GAO is bound by its ADEA regulations, GAO Order 2713.2, and 4 C.F.R. § 28.51(c).

### III. CONCLUSION

The District Court erred in dismissing Chennareddy's claims in *Case 87–3538* and *Case 88–0577* as these claims complied with GAO regulations, which did not require Chennareddy to exhaust GAO remedies before filing suit in District Court. We therefore reverse the District Court's order and remand for action consistent with this opinion.

*So ordered.*