21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jaime H. ESPINUEVA, Plaintiff-Appellant,
v.
John H. DALTON,** Secretary of the Navy,
Defendant-Appellee.
 No. 93-1582.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 22, 1994.*
Decided March 30, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In October 1991, Jaime Espinueva applied for two positions within the Department of the Navy where he worked as a military pay technician. After he was denied both positions, Espinueva complained to the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on national origin and age. The EEOC forwarded his complaint to the local Navy EEO officer for investigation. In June 1992, before receiving a final agency determination, Espinueva filed suit against the Secretary of the Navy in district court pursuant to the Civil Rights Act of 1870, 42 U.S.C. Sec. 1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 633a. The court dismissed the Sec. 1981 discrimination claim based on national origin for lack of jurisdiction, finding that Sec. 1981 was not a remedy available to federal employees. It also dismissed the age discrimination claim for failure to exhaust administrative remedies. Espinueva appealed. We requested that the EEOC file a brief as amicus curiae. Upon reviewing the motion to dismiss de novo, Hinnen v. Kelly, 992 F.2d 140 (7th Cir.1993), we affirm in part and vacate in part.
 
 
 2
 Espinueva argues that Sec. 1981 as amended by the Civil Rights Act of 1991 is applicable to claims against the federal government. Espinueva is mistaken, however, because both before and after passage of the 1991 amendments, the exclusive remedy for federal employees alleging discrimination based on national origin is found under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-16. Brown v. Gen'l Services Admin., 425 U.S. 820, 835 (1976).[1] Thus, we concur with this portion of the district court's decision.
 
 
 3
 Under the ADEA, a federal employee has two mechanisms available to initiate a claim. One option is to immediately file suit in federal district court after providing the EEOC with 30-days notice of an intent to sue. 29 U.S.C. Sec. 633a(d). Alternatively, the employee may bring his grievance to the EEO counselor of the employing agency. 29 U.S.C. Sec. 633a(b); 29 C.F.R. Sec. 1613.213 (1991). If the matter cannot be resolved informally, the employee may file a complaint with the agency, 29 C.F.R. Sec. 1613.214 (1991), and may appeal the agency decision to the EEOC. 29 C.F.R. Sec. 1613.231 (1991).[2] The question here is whether the employee may abandon his administrative claim to file suit in federal court before a final agency determination has been reached. The applicable regulations do not provide an explicit answer. 29 C.F.R. Secs. 1613.501-.521 (1991). In its supplemental appellate brief, filed jointly with the EEOC, the government states that the exhaustion of administrative remedies is not necessary.[3] Alternatively, the government waives whatever exhaustion requirement might apply to this case.
 
 
 4
 In McGinty v. United States Dep't. of the Army, 900 F.2d 1114, 1116 (7th Cir.1990), this court concluded that if a federal employee first files a complaint with the agency, the claimant must exhaust his administrative remedies or face dismissal of the claim in federal court. Contra Langford v. United States Army Corps of Engineers, 839 F.2d 1192, 1194-95 (6th Cir.1988). This determination relied on 29 C.F.R. Sec. 1613.513 (1987) that stated:
 
 
 5
 The filing of a civil action by an employee or applicant does not terminate agency processing of a complaint or Commission processing of an appeal under this subpart.
 
 
 6
 McGinty, 900 F.2d at 1116. In addition, the court premised its decision on 29 C.F.R. Sec. 1613.281 that provides for two exceptions to the full exhaustion requirement for discrimination claims filed under Title VII.[4] Id. The regulation does not apply to ADEA claims. 29 C.F.R. Sec. 1613.514. Accordingly, the court reasoned that the absence of an ADEA provision, permitting the filing of a federal claim before a final agency determination was reached, compelled the claimant to fully exhaust his administrative remedies. McGinty, 900 F.2d at 1117.
 
 
 7
 Since McGinty, Sec. 1613.513 has been amended to state that the filing of a civil action terminates the agency proceeding. Two circuits have addressed the amended regulation, and one has stated in dictum that exhaustion is no longer required because under the new regulation, a claimant who pursued both avenues would find both automatically closed to him. Bornholdt v. Brady, 869 F.2d 57, 63 (2d Cir.1989). Conversely, in Stevens v. Dep't. of the Treasury, 897 F.2d 526 (5th Cir.1990), reversed, 111 S.Ct. 1562 (1991), the Court of Appeals accepted the government's position and rejected the possibility of filing a federal claim before the administrative process had run its course.[5] After certiorari to the Supreme Court was granted, the government reversed its position, and agreed that the exhaustion of remedies was not required. Stevens, 111 S.Ct. at 1568. Finding that the parties' positions were no longer adverse to one another, the Court refused to reach the merits of this issue.[6] Id.
 
 
 8
 Despite the numerous developments in the law on the exhaustion issue since McGinty was decided, see Chennareddy v. Bowsher, 935 F.2d 315, 321 (D.C.Cir.1991) (argument that ADEA requires exhaustion considerably weakened after government's change in position in Stevens), we find it unnecessary to determine whether Espinueva should have waited for an agency decision before filing his claim in federal court because the government abandoned its earlier position in the supplemental appellate brief and waives any exhaustion requirement.[7] It now requests that the ADEA claim be remanded to the district court.
 
 
 9
 Consequently, we AFFIRM the dismissal of the discrimination claim based on national origin. We VACATE the dismissal of the age discrimination claim and REMAND this case for further proceedings.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 John H. Dalton is substituted for his predecessor, H. Lawrence Garrett, III, as Secretary of the Navy
 
 
 [1]
 We have told Espinueva before that Sec. 1981 does not apply to employment discrimination involving the federal government. Espinueva v. Garrett, 895 F.2d 1164, 1165 (7th Cir.), cert. denied, 497 U.S. 1005 (1990)
 
 
 [2]
 Part 1613 has since been superseded by Part 1614 for the resolution of federal employment discrimination claims. 57 Fed.Reg. 12,634 (1992). The general description of the complaint processing procedure described above, however, has remained the same. Part 1614 became effective October 1, 1992
 
 
 [3]
 In its original brief, the government argued that the exhaustion of administrative remedies before filing an age discrimination claim pursuant to 29 U.S.C. Sec. 633a was required
 
 
 [4]
 Pursuant to 29 C.F.R. Sec. 1613.201 (1991), Sec. 1613.281 applies to discrimination suits based on race, color, religion, sex or national origin, and states that a civil action may be filed:
 (a) Within thirty (30) calendar days of receipt of notice of final action taken by the agency on a complaint, (b) After one hundred and eighty (180) calendar days from the date of filing a complaint with the agency if there has been no decision, (c) Within thirty (30) calendar days after receipt of final action taken by the Commission on the complaint, or (d) After one hundred and eighty (180) calendar days from the date of filing an appeal with the Commission, if there has been no Commission decision.
 
 
 [5]
 See also Wrenn v. Secretary, Dep't. of Veterans Affairs, 918 F.2d 1073, 1078 (2nd Cir.1990), cert. denied, 499 U.S. 977 (1991); White v. Frank, 895 F.2d 243, 244 n. 2 (5th Cir.), cert. denied, 498 U.S. 890 (1990). These cases, however, do not consider the amendment to Sec. 1613.513 and were decided before the Supreme Court decision in Stevens
 
 
 [6]
 Justice Stevens dissented, however, and would have resolved the issue in favor of a "no exhaustion" requirement. Stevens, 111 S.Ct. at 1569. Justice Stevens noted that unlike Title VII, the ADEA does not require federal employees to first file a complaint with the agency before seeking judicial relief and pointed to the EEOC's interpretation of the ADEA as stated in Sec. 1613.513. Id
 
 
 [7]
 We also decline to comment on the most recent amendment to the regulation governing the processing of ADEA complaints which states that a complainant exhausts administrative remedies 180 days after filing a complaint with the agency if the agency has not reached a decision. 29 C.F.R. Sec. 1614.201(c) (1993)