Stephen I. **ADLER**, Plaintiff–Appellant,

v.

Michael **ESPY**, Secretary of Agriculture, Defendant–Appellee.

No. 93–3302.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 9, 1994.

Decided Sept. 9, 1994.

264

Stephen I. Adler, pro se.

Matthew V. Richmond, Asst. U.S. Atty., Milwaukee, WI, for defendant-appellee.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

This appeal requires us to consider the applicability of *McGinty v. United States Department of the Army*, 900 F.2d 1114 (7th Cir.1990), which holds that a person who initiates the optional federal administrative procedure for remedying employment discrimination on grounds of age must exhaust his administrative remedies before he may file suit.

The Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, allows claimants either to sue in federal district court under the Act after giving the Equal Employment Opportunity Commission 30 days' notice of intent to sue, or, alternatively, to file an administrative complaint with the EEOC and, if necessary, file suit in federal district court later. 29 U.S.C. § 633a(c). Neither the statute, nor the regulations in effect when either McGinty or our plaintiff, Adler, filed their claims, indicate when or in what circumstances the claimant who follows the second, the administrative, route may sue. McGinty had gone the second route, then changed her mind and decided to sue; we held that it was too late, that she had to exhaust her administrative remedies once

she stepped onto that road, though she had not had to step onto it in the first place. The other circuits are divided on the issue, as the Supreme Court noted in *Stevens v. Department of Treasury*, 500 U.S. 1, 8–10, 111 S.Ct. 1562, 1567–68, 114 L.Ed.2d 1 (1991). The Court did not resolve the issue, because the Solicitor General had advised the court that the government no longer believed that exhaustion of administrative remedies was required in such a case. The government made the same concession in a recent case in this court, *Espinueva v. Dalton*, No. 93–1582, 1994 WL 109019 (7th Cir. Feb. 22, 1994), and we accepted the concession.

Adler, the appellant in this case, started down the administrative route, like McGinty, and, again like McGinty, failed to go the whole way. He lost in the district court on the ground of failure to exhaust administrative remedies. The district judge cited no cases. Appealing pro se, Adler did not discover the government's concession in *Stevens*. The government's brief urges affirmance on the basis of *McGinty*, with no mention of *Stevens* and no suggestion that it is aware of the Justice Department's change of position, which apparently has not percolated down to the U.S. Attorney's office in Milwaukee.

Our unpublished order in *Espinueva* (joined by the author of *McGinty*) points out a significant amendment to the EEOC's regulations in *McGinty* which suggests that cases under the amended regulations should be decided differently. The amendment, which became effective on October 30, 1987, yet was not (for reasons we needn't go into) applicable to McGinty's claim, provides that if the administrative complainant is a party to a pending suit in district court, the administrative complaint shall be dismissed. 29 C.F.R. § 1613.215(a)(3) (1989). That is what happened to Adler. He had an administrative proceeding, and then he filed his suit— whereupon the administrative proceeding was dismissed. This made it impossible for him to exhaust his administrative remedies, so the district court dismissed his suit, leaving him forever remediless, since it is now too late to file another administrative proceeding. Considering that the administrative

route is entirely optional with the complainant, this seems an awfully harsh sanction for what amounts to becoming impatient with the snail-like progress of an administrative proceeding to remedy employment discrimination. Adler filed his administrative complaint in 1985, and his lawsuit in 1989, four years later. It will soon be a decade since he, in retrospect unwisely, elected the administrative route. Enforcement of the rule of *McGinty* under the regime created by the amendment to the regulations would discourage resort to the administrative process by all but the naive. We have trouble seeing what would be gained.

The principal ground for *McGinty* is that agencies shouldn't be put to the bother of conducting administrative proceedings from which the complainant can decamp at any time without consequence. 900 F.2d at 1117. That is a weighty consideration, and we do not retreat an inch from it. But it is a consideration designed for the benefit of the agencies, not of the judges, and if the agencies don't want it, there is no reason for us to give it great weight.

■ The 1987 amendment to the regulations, and the government's change of heart, persuade us that *McGinty* should not be applied to claims governed by the amendment, and hence that it does not block Adler's suit. The judgment dismissing his suit must therefore be vacated and the case remanded to the district court for further proceedings consistent with this opinion. We add that effective October 1, 1992, the regulations were again amended, to provide that the claimant may file suit in federal court within 90 days after a final decision by his employing agency or within 90 days after a final decision by the EEOC if the employee had appealed to it from his employing agency; and if his claim or appeal is not acted on by the agency or the EEOC (as the case may be) for 180 days, he may abandon the administrative route; he will be deemed to have exhausted his remedies, and will be free to sue. 29 C.F.R. §§ 1614.201(c), .408 (1992). This sensible regime, though applicable to claims pending as well as filed on or after

October 1, 1992, is inapplicable to Adler's claim, which had been dismissed before then.

VACATED AND REMANDED.