52 F.3d 241
 67 Fair Empl.Prac.Cas. (BNA) 795,
66 Empl. Prac. Dec. P 43,504,
19 Employee Benefits Cas. 1220
Ueon C. BAK, Plaintiff-Appellant,
v.
POSTAL SERVICE, (U.S.); Marvin Runyon, Postmaster General;
Does 1 to 20, inclusive, Defendants-Appellees.
 No. 93-56249.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 10, 1995*.
Decided April 7, 1995.
 
 Gregory L. Bartone, Santa Ana, CA, for plaintiff-appellant.
 Jon Pearson, Asst. U.S. Atty., Los Angeles, CA, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 T.G. NELSON, Circuit Judge:
 
 OVERVIEW
 
 1
 Ueon Bak (Bak) appeals the district court's dismissal of his age discrimination claim for lack of subject matter jurisdiction due to his failure to exhaust his administrative remedies. Although the Government initially made the motion for dismissal, it now concedes Bak was not obligated to exhaust his administrative remedies. We hold that, pursuant to amended Equal Employment Opportunity Commission (EEOC) regulations governing age discrimination claims, a claimant is no longer required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing a civil suit.
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 Bak is an American citizen of Korean descent who was 46 years old at the time of the alleged discrimination. He was employed by the United States Postal Service (Postal Service) from October 1978 until September 1989. In early August 1989, Bak received a notice of proposed removal alleging an absence without official leave. In response, on August 10, 1989, Bak submitted his resignation which was to become effective September 1, 1989.
 
 
 3
 Despite his resignation, Bak continued to work until September 11. On September 12, he attempted to withdraw his resignation. Because the effective date had already passed, the Postal Service declined to accept Bak's withdrawal, although it did extend the effective date to September 11, compensating Bak for time worked after his resignation became effective.
 
 
 4
 On September 22, 1989, Bak filed an administrative complaint with the EEOC alleging discrimination based on race, color, religion, national origin, sex, age, and reprisal. His apparent contention was that the Postal Service's refusal to accept his withdrawal of resignation was discriminatory. The only evidence offered by Bak regarding discrimination was the names of other Postal Service employees who were permitted to withdraw their resignations.
 
 
 5
 After a hearing, an administrative law judge (ALJ) held that Bak failed to establish a prima facie case of discrimination based on his national origin. Bak appealed the ALJ's decision to the EEOC Office of Review and Appeals which affirmed the decision. Finally, Bak moved to reopen or for reconsideration. In response to the motion, the EEOC noted Bak's complaint alleged discrimination on the basis of race, color, religion, sex, age and national origin. However, it denied the motion because Bak failed to establish a basis for reopening or reconsideration, and it affirmed its previous decision, stating Bak failed to establish a prima facie case of discrimination based on race or color. This final decision of the EEOC was issued on March 3, 1991.
 
 
 6
 On February 19, 1993, Bak filed a civil suit in federal district court alleging age discrimination, pursuant to 29 U.S.C. Secs. 621, et seq., the Age Discrimination in Employment Act of 1967 (ADEA), as a result of the Postal Service's refusal to accept his withdrawal of resignation. The district court dismissed the complaint for lack of subject matter jurisdiction, holding that Bak had failed to exhaust his administrative remedies. Bak timely appeals the district court's dismissal.DISCUSSION
 
 A. Standard of Review
 
 7
 We review de novo the district court's determination that Bak failed to exhaust his administrative remedies. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994).
 
 B. Exhaustion Requirement
 
 8
 The district court held that, although Bak exhausted his administrative remedies with respect to his racial discrimination claim, he "failed to adequately show that his age discrimination claim was not abandoned during the administrative proceedings." On appeal, Bak concedes he abandoned his age discrimination claim during the administrative proceedings. Consequently, we hold that Bak failed to exhaust his administrative remedies with respect to this claim. See Vinieratos v. United States, Dep't of Air Force, 939 F.2d 762, 770 (9th Cir.1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."); Rivera v. United States Postal Service, 830 F.2d 1037, 1039 (9th Cir.1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."), cert. denied, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988). However, Bak contends he was not required to exhaust his administrative remedies prior to filing a civil suit. Likewise, the Government has reversed its position on appeal and also contends Bak was not obligated to exhaust his administrative remedies.
 
 
 9
 The district court relied on our decision in Rivera to impose an exhaustion requirement. See 830 F.2d at 1037. In Rivera, the claimant filed an administrative complaint alleging age discrimination, and the Postal Service ruled against him. Thereafter, he filed a notice of appeal to the EEOC. Id. at 1038. However, before resolution of the appeal, the claimant "request[ed] 'cancellation' of his notice of appeal" and filed a civil suit. Id. We held that the claimant was not free to file suit until his administrative remedies had been exhausted which occurred only after the EEOC's final ruling on the claim. Id. at 1039. We reasoned that "once a party appeals to a statutory agency, board or commission, the appeal must be 'exhausted.' " Id.
 
 
 10
 Since this court's decision in Rivera, the EEOC regulations governing age discrimination claims have been amended to state that the filing of a civil action based on age discrimination terminates any agency proceeding regarding the same claim. 29 C.F.R. Sec. 1613.513 ("The filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint."). The effective date of this amendment was November 30, 1987. See 52 Fed.Reg. 41,920 (1987). However, we have not yet addressed the issue of whether a claimant must exhaust his administrative remedies prior to filing a civil suit claiming age discrimination in light of the amended regulations.
 
 
 11
 The Supreme Court had the opportunity to resolve the issue in Stevens v. Department of Treasury, 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991). In Stevens, the claimant appealed the dismissal of his complaint, which alleged age discrimination, for failure to give the EEOC proper notice of his intent to file a civil suit. Although presented with the issue of whether a claimant is required to exhaust his administrative remedies before pursuing a civil action, the Court reversed the dismissal only on the grounds that the claimant had complied with notice requirements and declined to address the exhaustion issue. It noted the Government had abandoned its position that exhaustion was necessary and, like the claimant, asserted that "a federal employee who elects agency review of an age discrimination claim need not exhaust his administrative remedies before bringing a civil action." Id. at 9, 111 S.Ct. at 1568. As a result, the Court concluded there was no adversity and declined to rule on the merits of the exhaustion issue. Id. at 10, 111 S.Ct. at 1568.
 
 
 12
 Although the Supreme Court has declined to address the issue, two circuit courts have interpreted the amendments to the EEOC regulations as eliminating the exhaustion requirement in age discrimination cases. The Second Circuit, in dictum, stated that "the ... view that exhaustion is not required even if the ADEA claimant has initiated administrative proceedings is undoubtedly correct for suits commenced after November 30, 1987, since otherwise the claimant who pursues both avenues would find both automatically closed." Bornholdt v. Brady, 869 F.2d 57, 63 (2d Cir.1989).
 
 
 13
 Likewise, the Seventh Circuit has rejected the exhaustion requirement in age discrimination cases. In Adler v. Espy, 35 F.3d 263 (7th Cir.1994), the claimant commenced an administrative proceeding to pursue his age discrimination claim and then filed a suit in federal district court. After the filing of the civil suit, the agency cancelled the claimant's administrative complaint. The district court then dismissed the civil complaint for failure to exhaust his administrative remedies. Id. at 264. Relying on the amended regulations, the court rejected the exhaustion requirement in cases of age discrimination. Id. at 265. It reasoned that:
 
 
 14
 The principal ground for [the exhaustion requirement] is that agencies shouldn't be put to the bother of conducting administrative proceedings from which the complainant can decamp at any time without consequences.... [I]t is a consideration designed for the benefit of the agencies, not of the judges, and if the agencies don't want it, there is no reason for us to give it great weight.
 
 
 15
 Id.
 
 
 16
 In accord with the Second and Seventh Circuits, we hold that a claimant is no longer required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing a civil suit.[1] The result of Regulation 1613.513, in effect at the time Bak filed his complaint, is to terminate any unexhausted administrative proceedings when a claimant files a civil suit. See 29 C.F.R. Sec. 1613.513. Similarly, an exhaustion requirement would terminate any civil suit filed. Thus, the joint effect of the amended regulations and exhaustion requirement would be to leave the claimant without any avenue of relief.
 
 
 17
 Admittedly, this joint effect of an exhaustion requirement and the amended regulations does not arise in Bak's case, because his administrative proceedings were complete when he filed his civil suit, at least with respect to his racial discrimination claim. Bak had appealed to the highest administrative authority and even made a motion to reopen or for reconsideration which was denied. Thus, at the time Bak filed his civil suit, there was no pending administrative proceeding to terminate. However, an exhaustion requirement in this case would still prejudice Bak because he has no forum in which to bring his age discrimination claim: the time for filing another administrative complaint has expired, and an exhaustion requirement would preclude a civil suit.
 
 
 18
 The primary goal of the exhaustion requirement is to prevent simultaneous proceedings regarding the same claim. The amended regulations resolve this problem, and the Government concedes exhaustion is not necessary. Consequently, the agency no longer supports the requirement. Thus, we hold that the amended regulations eliminate the exhaustion requirement for age discrimination claims and vacate the district court's dismissal for lack of subject matter jurisdiction and remand.
 
 
 19
 VACATED and REMANDED. No costs allowed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 We emphasize that our holding is limited to age discrimination claims governed by EEOC regulations. See, e.g., EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994) (holding claimant must exhaust administrative remedies before litigating discriminatory lay off claim)