**Lee A. HOLDER, Plaintiff—Appellant,**

v.

**Carlos M. GUTIERREZ,\* Secretary of Commerce, in his official capacity; et al., Defendants—Appellees.**

No. 03–36048.

D.C. No. CV–02–01267–HJF.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

Lee A. Holder, Vancouver, WA, pro se.

Britannia I. Hobbs, AUS, USPO–Office of the U.S. Attorney, Portland, OR, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

---

\* Carlos M. Gutierrez is substituted for his predecessor, Donald L. Evans, as Secretary of Commerce of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Lee A. Holder appeals pro se the district court's summary judgment in his age discrimination action against his former employer. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Pardi v. Kaiser Found. Hospitals,* 389 F.3d 840, 848 (9th Cir.2004), we affirm.

To the extent Holder seeks to replead claims that were settled in a previous action, the district court properly concluded those claims were precluded. *See Int'l Union v. Karr,* 994 F.2d 1426, 1429 (9th Cir.1993). Even were it procedurally possible for Holder to set aside the dismissal predicated on the settlement through this separate action, he has not presented a basis for doing so. *See Pardi,* 389 F.3d at 848.

To the extent Holder's claims are based on incidents that post-date the settlement, the district court properly granted summary judgment because Holder complied with neither of his two alternative methods for pursuing such claims. *See Bankston v. White,* 345 F.3d 768, 770 (9th Cir.2003). It is undisputed that Holder contacted an Equal Employment Opportunity counselor more than 45 days after any of the incidents specified in his complaint, and therefore his attempt to pursue administrative remedies failed. *See* 29 C.F.R. § 1614.105(a)(1). Holder's earlier misdirected efforts to give notice of his administrative claim do not entitle him to equitable tolling because he was represented by counsel. *See Leorna v. U.S. Dep't of State,* 105 F.3d 548, 551 (9th Cir.1997). It is also undisputed that Holder failed to comply with the alternative option of filing an action in district court within 180 days of the alleged incidents. *See* 29 U.S.C.

§ 633a(d). Contrary to Holder's assertion, he was not obligated to exhaust his administrative remedies before filing his complaint in district court. *See Bankston,* 345 F.3d at 775–76.

Holder's remaining contentions lack merit.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

