**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARY E. BULLOCK,
            *Plaintiff-Appellant,*

v.

JACQUELINE A. BERRIEN,
            *Defendant-Appellee.*

No. 10-55866

D.C. No.
3:06-cv-02329-
WQH-CAB

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 7, 2012*
Pasadena, California

Filed July 30, 2012

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt and
William A. Fletcher, Circuit Judges.

Opinion by Judge William A. Fletcher

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Gastone Bebi, LAW OFFICES OF GASTONE BEBI, San Diego, California, for the plaintiff-appellant.

Timothy C. Stutler, Katherine L. Parker, UNITED STATES ATTORNEY'S OFFICE, San Diego, California, for the defendant-appellee.

---

## OPINION

W. FLETCHER, Circuit Judge:

Plaintiff Mary Bullock, a former employee of the Equal Employment Opportunity Commission ("EEOC"), appeals from the district court's dismissal of her disability discrimination suit under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The district court dismissed Bullock's complaint for failure to exhaust administrative remedies.

Prior to filing suit, Bullock filed an administrative complaint that was adjudicated by an administrative law judge ("ALJ"). After the ALJ denied relief in part, Bullock filed an optional administrative appeal with the Equal Employment Opportunity Commission ("the Commission").[1] She subsequently withdrew her appeal without waiting 180 days as specified in 29 C.F.R. § 1614.407(d), and filed suit in district court based on the same claims she asserted in her administrative complaint. The district court held under *Rivera v. United States Postal Service*, 830 F.2d 1037 (9th Cir. 1987), *cert. denied*, 486 U.S. 1009 (1988), that it lacked jurisdiction because Bullock had not waited 180 days after filing her administrative appeal and therefore had failed to exhaust her administrative remedies.

In its initial briefing to us, the EEOC argued, based on *Rivera*, that Bullock had failed to exhaust. We asked for sup-

---

[1] When referring to the EEOC as an adjudicator of Bullock's administrative appeal, we use the term "Commission." When referring to the EEOC as Bullock's employer or to the Chair of the EEOC as Defendant-Appellee, we use the term "EEOC."

plemental briefing discussing our decision in *Bankston v. White*, 345 F.3d 768 (9th Cir. 2003), which had not been cited by either party. In its supplemental brief, the EEOC now concedes that Bullock has exhausted her administrative remedies but contends that she has waived any exhaustion argument based on *Bankston*.

We hold, based on *Bankston* and on a post-*Rivera* regulation, that Bullock has exhausted her administrative remedies. We reverse and remand to the district court for further proceedings.

## I. Background

Bullock, who suffers from Multiple Sclerosis and Systemic Lupus, worked as an ALJ for the EEOC from 1999 to 2007. In January 2003, Bullock filed an informal complaint based on alleged violations of the Rehabilitation Act, which incorporates the administrative exhaustion procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). *See* 29 U.S.C. § 794a(a)(1). Bullock filed a formal complaint in May 2003.

A hearing was held before a contract ALJ, in accordance with EEOC policy for complaints filed by EEOC employees. The ALJ found that Bullock was not a qualified individual with a disability because she could not perform the essential functions of her job even with accommodation. However, the ALJ found that the EEOC had retaliated against Bullock for filing her discrimination complaint. The ALJ awarded Bullock $25,000 in nonpecuniary damages, $108,680 in attorney's fees, and $7,823.24 in costs.

Both Bullock and the EEOC filed administrative appeals. Bullock filed her appeal on August 18, 2006. She withdrew it on September 18, stating her intent to file a civil suit. On October 18, Bullock filed suit in district court.

The Commission dismissed the EEOC's appeal because Bullock had filed suit in district court. It wrote:

> The regulation found at 29 C.F.R. § 1614.409 provides that a civil action "shall terminate Commission processing of the appeal." Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court. . . . Accordingly, since complainant raised the same claims in her civil action as those raised in the present complaint, the agency's appeal is hereby dismissed.

The district court dismissed Bullock's complaint without leave to amend because she had filed suit within 180 days of filing her administrative appeal, in violation of 29 C.F.R. § 1614.407(d), and therefore had failed to exhaust her administrative remedies. Bullock appealed the dismissal. We reverse and remand.

## II.   Standard of Review

We review for clear error a district court's findings of fact in an appeal of a dismissal for failure to exhaust administrative remedies. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). We review *de novo* the district court's determinations of law. *Id.*

## III.   Discussion

A federal employee asserting a claim of discrimination under the Rehabilitation Act must exhaust administrative remedies before filing a civil action in district court. *Boyd v. U.S.*

*Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985). To exhaust administrative remedies, the aggrieved federal employee must first attempt to resolve the matter by filing an informal complaint that triggers counseling by an EEOC Counselor. 29 C.F.R. § 1614.105(a). If an informal resolution is not achieved, the employee must then file a formal complaint for decision by an ALJ. *See id.* §§ 1614.105(d), 1614.106. The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b).

**[1]** An employee has the option of filing an administrative appeal of an ALJ's decision, but such an appeal is not necessary for exhaustion of administrative remedies. If either party files an administrative appeal, Title VII authorizes the employee to file suit in federal district court within 90 days of receiving notice of final agency action on the appeal or after 180 days from the filing of the appeal if no final agency action has been taken by that time. *See* 42 U.S.C. § 2000e-16(c). An implementing regulation provides: "A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407. An additional implementing regulation, promulgated in 1992, provides, "Filing of a civil action under § 1614.40[7] or § 1614.40[8] shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing." *Id.* § 1614.409 ("§ 1614.408 or § 1614.409" in the original changed to "§ 1614.40[7] or § 1614.40[8]" to correct an obvious scrivener's error).

**[2]** The question before us is whether an employee who files an optional appeal with the Commission of an ALJ's decision but later files suit in district court without waiting 180 days has failed to exhaust her administrative remedies. We addressed this question in *Rivera* with respect to claims brought under Title VII and the Age Discrimination in Employment Act ("ADEA"). We held that a plaintiff who chooses to pursue an administrative appeal under 42 U.S.C. § 2000e-16(c) must maintain that appeal for 180 days before filing suit in district court. Failing to do so, we held, results in a failure to exhaust administrative remedies. We wrote, "Impatience with the agency does not justify immediate resort to the courts." 830 F.2d at 1038; *see also Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) ("A plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts.").

The district court relied upon *Rivera* in concluding that Bullock had failed to exhaust her administrative remedies prior to filing a civil suit. However, the parties now agree that *Rivera* is no longer good law, and that Bullock did not need to wait 180 days after filing her optional administrative appeal in order to file her suit in district court. For the reasons that follow, we agree.

**[3]** In *Bankston*, we dealt with a claim of discrimination in violation of the ADEA. The ADEA does not require exhaustion of administrative remedies. As long as an aggrieved employee notifies the EEOC of her intent to file suit, she may proceed directly to federal district court. However, an employee with an ADEA claim has "the *option* of pursuing administrative remedies, either through the agency's EEO procedures, *see* 29 U.S.C. § 633a(b), and 29 C.F.R. § 1614.106 (2002), or through the Merit Systems Protection Board." *Bankston*, 345 F.3d at 770 (emphasis added).

In *Bankston*, the plaintiff was fired from his job as an Occupational Safety and Health Administration officer for the Department of the Army. He filed an optional administrative appeal with the Merit Systems Protection Board, but withdrew it 61 days later. He notified the EEOC of his intent to file suit in federal court. The government contended that once having filed his optional administrative appeal with the Board, the plaintiff was required to exhaust that administrative remedy. We disagreed. We noted that a regulation promulgated after our decision in *Rivera* required dismissal of the administrative appeal in the event an employee filed suit in district court. Relying in part on our earlier decision in *Bak v. United States Postal Service*, 52 F.3d 241, 243 (9th Cir. 1995) (discussing 29 C.F.R. § 1613.513), we held that "a rule based on administrative efficiency should not be applied punitively where there are no simultaneous administrative and judicial proceedings and where the plaintiff no longer has the right to administrative review of his claim." *Bankston*, 345 F.3d at 772.

**[4]** The rationale of *Bankston* applies to the case before us. While Bullock was required to submit a formal complaint for adjudication by an ALJ in order to exhaust her administrative remedies, she was not required to take an administrative appeal from the ALJ's decision. Had neither party filed an administrative appeal, there would be no question that Bullock properly exhausted her administrative remedies, as she filed suit within 90 days of receiving notice of final agency action on her complaint, as required by 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(a). Under such circumstances, allowing an employee to change her mind after filing her optional administrative appeal does not significantly impair administrative efficiency because, pursuant to 29 C.F.R. § 1614.409, the Commission will terminate any pending administrative appeal upon the employee's filing of a civil action. As the Seventh Circuit wrote in *Adler v. Espy*:

> The principal ground for [imposing an exhaustion requirement] is that agencies shouldn't be put to the

> bother of conducting administrative proceedings from which the complainant can decamp at any time without consequence. That is a weighty consideration, and we do not retreat an inch from it. But it is a consideration designed for the benefit of the agencies, not of the judges, and if the agencies don't want it, there is no reason for us to give it great weight.

35 F.3d 263, 265 (7th Cir. 1994) (citation omitted). Although our holding in *Bankston* addressed only claims arising under the ADEA, we agree with the EEOC's position in its supplemental brief that *Bankston* "need not be confined to the ADEA context" given that the EEOC regulations concerning administrative appeals govern claims arising under the ADEA, the Rehabilitation Act, and Title VII, "without drawing any distinctions."

As we observed in *Bak*, the termination of an administrative proceeding leaves an employee in Bullock's position without any remedy if the district court refuses to entertain her suit after she has filed and then withdrawn her administrative appeal. *Bak*, 52 F.3d at 244. "The policy concern for administrative efficiency expressed in earlier cases [such as *Rivera* and *Vinieratos v. United States Department of Air Force*, 939 F.2d 762 (9th Cir. 1991)] is attenuated or even eliminated here because [Bullock] has no administrative remedy currently pending or available in the future." *Bankston*, 345 F.3d at 777.

The EEOC contends that, despite its newly announced position that she has exhausted her administrative remedies, Bullock should be denied relief because she has waived any argument that *Bankston* and 29 C.F.R. § 1614.409 supersede *Rivera*. Prior to our request for supplemental briefing, neither party had cited *Bankston*. "We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (internal quotation marks

and citation omitted). However, our consideration of the *Bankston* issue does not prejudice the government. The issue is purely legal and the parties have "fully briefed it in their supplemental brief[s] to the court. . . ." *Hurlic v. S. Cal. Gas Co.*, 539 F.3d 1024, 1037 n.8 (9th Cir. 2008); *see also Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011). Moreover, the factual record is fully developed, and the EEOC agrees with our substantive legal conclusion.

**[5]** In sum, we hold that an aggrieved employee subject to the procedural rules of Title VII exhausts her administrative remedies by filing a formal complaint for adjudication by an ALJ. Once final agency action has been taken on her complaint, she has the option of either filing an administrative appeal or filing suit directly in federal district court within 90 days of receiving notice of the agency action. If the employee files an optional administrative appeal, she may withdraw that appeal and file suit in district court without waiting 180 days from the filing of the notice of appeal. The employee's lawsuit in district court may proceed even though the employee filed and then withdrew an administrative appeal. As Bullock filed suit within 90 days of receiving notice of final agency action on her complaint, we have no occasion to decide whether an employee's lawsuit could proceed if the employee prematurely withdrew from an administrative appeal and filed suit *more than* 90 days after receiving notice of final agency action on her complaint. *See* 42 U.S.C. § 2000e-16(c).

**[6]** Bullock did not fail to exhaust administrative remedies by withdrawing her optional administrative appeal to the Commission within 180 days after filing a notice of appeal. We reverse the district court's dismissal of her suit and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.