NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARON DENISE BOYD,<br><br>           Plaintiff-Appellant,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General;<br>THOMAS R. KANE, Director, Federal<br>Bureau of Prisons,<br><br>           Defendants-Appellees. | No. 14-56800<br><br>D.C. No. 2:14-cv-05451-VAP-<br>DTB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Sharon Denise Boyd appeals pro se from the district court's judgment

dismissing her employment action alleging violations of Title VII, the Age

Discrimination in Employment Act ("ADEA"), and the Fair Labor Standards Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("FLSA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vinieratos v. U.S. Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991), and we affirm in part, reverse in part, and remand.

The district court properly dismissed Boyd's Title VII claims because Boyd failed to exhaust her administrative remedies after electing to pursue her claims through the Merit Systems Protection Board. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."); *see also Vinieratos*, 939 F.2d at 772 (abandonment of the administrative process prevents exhaustion and forecloses judicial review).

However, the district court erred in dismissing Boyd's ADEA and FLSA claims for failure to exhaust because exhaustion is not required. *See Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (ADEA has no express exhaustion requirement); *Local 246 Util. Workers Union of Am. v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) (claim based on substantive rights under FLSA not subject to exhaustion). Accordingly, we reverse the judgment in part and remand for further proceedings on these claims only.

We reject as without merit Boyd's contentions involving participation in

2                                                                14-56800

Alternative Dispute Resolution, oral argument on the motion to dismiss, and a conflict of interest. We do not consider Boyd's arguments regarding another case not before this court.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**