NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPHLOC T. NGUYEN, | No. 17-56486 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00304-AG-KES |
| v. | |
| KIRSTJEN NIELSEN*, Secretary of the Department of Homeland Security (Customs and Border Protection), | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 10, 2018***

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Josephloc T. Nguyen appeals pro se from the district court's summary

---

\*      Kirstjen Nielsen has been substituted for her predecessor, John Kelly, as Secretary of the U.S. Department of Homeland Security under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment in his employment action alleging discrimination and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Nguyen's national origin, race, and sex discrimination claims because Nguyen failed to raise a genuine dispute of material fact as to whether defendant's proffered legitimate, nondiscriminatory reason for his demotion was pretextual. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2002) (setting forth burden-shifting framework for Title VII employment discrimination claims); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (employee's subjective beliefs about his own job competence are insufficient to show pretext).

The district court properly granted summary judgment on Nguyen's hostile work environment claim because Nguyen failed to raise a genuine dispute of material fact as to whether the complained of conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004) (setting forth elements of a hostile work environment claim under Title VII).

The district court properly granted summary judgment on Nguyen's retaliation claim because Nguyen failed to raise a genuine dispute of material fact as to whether any of the decision makers were aware that Nguyen was engaged in a

2                                                         17-56486

protected activity prior to the adverse actions. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004) (setting forth elements of retaliation claim under Title VII).

The district court properly granted summary judgment on Nguyen's age and disability discrimination claims because Nguyen failed to properly exhaust his Rehabilitation Act claim and failed to give the Equal Employment Opportunity Commission ("EEOC") notice of his intent to file an Age Discrimination in Employment Act ("ADEA") claim. *See Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (an employee who wishes to file suit under the ADEA without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985) (federal employee asserting discrimination claim under Rehabilitation Act must exhaust administrative remedies before filing civil action in district court).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**