NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALFREDO ALVAREZ ALCALA, | No. 15-73865 |
| Petitioner, | Agency No. A093-297-061 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2019**
Pasadena, California

Before: FERNANDEZ and OWENS, Circuit Judges, and DONATO,*** District Judge.

Alfredo Alvarez Alcala ("Alvarez"), a native and citizen of Mexico,

petitions for review of the Department of Homeland Security's ("DHS")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

reinstatement of his prior exclusion order, and the Immigration Judge's ("IJ")

determination that he does not have a reasonable fear of persecution or torture. As

the parties are familiar with the facts, we do not recount them here. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Alvarez argues for the first time in a supplemental brief that the

reinstatement provision, 8 U.S.C. § 1231(a)(5), does not apply to him.[1] The

government filed a responsive supplemental brief. Although Alvarez waived this

issue by failing to raise it in his opening brief, we exercise our discretion to

consider it because "[t]he issue is purely legal and the parties have 'fully briefed it

in their supplemental brief[s] to the court.'" *Bullock v. Berrien*, 688 F.3d 613, 618

(9th Cir. 2012) (citation omitted).

On the merits, Alvarez's new claim fails. Alvarez argues that § 1231(a)(5),

enacted as part of Illegal Immigration Reform and Immigrant Responsibility Act of

1996 ("IIRIRA"), does not retroactively apply to him because he reentered before

IIRIRA became effective. Section 1231(a)(5) retroactively applies, however,

unless the noncitizen "filed for relief *before* IIRIRA's effective date and was

awaiting the adjudication of that pending application." *Ixcot v. Holder*, 646 F.3d

---

[1]      We grant Alvarez's motion to amend the record and file a supplemental brief. We take judicial notice of Alvarez's proposed record because the excerpts are the agency's own records. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010).

1202, 1212 (9th Cir. 2011) (emphasis in original). Alvarez points to his past applications for legalization, and he argues that he is now eligible for adjustment of status, but Alvarez had "no *pending* application at the time the law came into effect." *Ortega v. Holder*, 747 F.3d 1133, 1135 (9th Cir. 2014) (emphasis added). Thus, Alvarez "had no vested right" and is subject to § 1231(a)(5). *Id.*

In addition, Alvarez argues that he is a class member under the settlement agreement in *Duran Gonzalez v. DHS*, No. C06-1411-MJP (W.D. Wash.). However, Alvarez fails to demonstrate that he meets the requirements to qualify as a class member.

2. Alvarez also argues that DHS, in reinstating his prior order of exclusion, failed to follow the procedures provided in the regulations under 8 U.S.C. § 1228(b)(4). To the extent that the procedures under § 1228 even apply to reinstatement proceedings, our review of reinstatement orders is generally limited to assessing DHS's "determination of the factual predicates for reinstatement." *Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013). While we have "le[ft] open the possibility that individual petitioners may raise procedural defects in their particular cases," "an alien must show that the violation prejudiced him." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495-96 (9th Cir. 2007) (en banc). Here, Alvarez has failed to establish the requisite prejudice because he does not assert that "'the outcome of the proceedings would have been different' if a more

elaborate process were provided." *Id.* at 495 (citation omitted).

3.      Next, Alvarez challenges the IJ's conclusion that he lacked a reasonable fear of returning to Mexico and therefore is not entitled to withholding of removal or Convention Against Torture ("CAT") protection. However, substantial evidence supports the IJ's negative reasonable fear determination. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (stating that factual findings underlying the IJ's denial of withholding of removal and CAT relief are reviewed for substantial evidence). Alvarez explained that gang members assaulted him in an isolated incident forty years ago, but he does not know who the assailants were, why they targeted him specifically, or whether they would try to find him again if he returned to the area. This evidence is not enough to "compel[]" a reasonable adjudicator to conclude that it is more likely than not that Alvarez would be persecuted or tortured. *Id*.

4.      Finally, Alvarez argues that 8 C.F.R. § 208.31(g) requires the IJ to issue a well-reasoned decision for a negative reasonable fear determination, and the IJ here violated this regulation by issuing an order with only one sentence of reasoning. However, nothing in the language of § 208.31(g) facially requires that the IJ's decision take any particular form. Furthermore, in addition to the written order, the IJ orally provided a detailed explanation of her decision at the end of Alvarez's hearing. Thus, the IJ's provided reasoning was sufficient.

4

**PETITION FOR REVIEW DENIED.**