**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEX BILBREW,

            Plaintiff-Appellant,

 v.

LOUIS DEJOY,

            Defendant-Appellee,

 and

YVONNE SMITH,

            Defendant.

Nos.   20-55148
          20-55150

D.C. Nos. 2:17-cv-02825-SJO-SK
                2:18-cv-08322-SJO-SK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

      Alex Bilbrew appeals pro se from the district court judgment dismissing his

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action alleging employment discrimination and retaliation in violation of federal law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 584-85 (9th Cir. 2000) (dismissal of an action as time-barred). We affirm.

The district court properly dismissed Bilbrew's Title VII claims because Bilbrew did not file this action within 90 days of receiving the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (42 U.S.C. § 2000e-5(f)(1) requires a claimant to file a civil lawsuit within 90 days of receiving a right to sue notice from the EEOC); *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012) (under Rehabilitation Act, a plaintiff is required to file suit within 90 days of receiving notice of the final agency action on his complaint); *see also* 42 U.S.C. § 12117 (Americans with Disabilities Act incorporates Title VII procedures).

The district court did not abuse its discretion in declining to apply equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (equitable tolling applies when a litigant shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing"); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (setting forth standard of review).

The district court did not err in dismissing Bilbrew's veteran's preference claim. *See Blue v. Widnall*, 162 F.3d 541, 545 (9th Cir. 1998) ("As the [Civil Service Reform Act] does not authorize judicial review of [plaintiff's] alleged violations of the [Veteran's Preference Act"] . . . we lack jurisdiction to review these claims.").

We reject as without merit Bilbrew's contention that reversal is warranted because defendant DeJoy allegedly did not comply with certain local rules in the district court.

**AFFIRMED.**